*Decision will be entered under Rule 50.*

George A. Neracher, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 74411.   Promulgated March 14, 1935.

*Sterling Newell, Esq.*, and *Paul L. Holden, Esq.*, for the petitioner. *L. W. Creason, Esq.*, for the respondent.

OPINION.

Leech: Our sole inquiry here is the right of the petitioner to deduct, in his income tax return for 1931, the entire amount of the interest paid by him upon a certain promissory note which was executed by the petitioner and his wife as joint and several makers. The taxpayer claimed the sum of $3,161.01 as a deduction on that return, the full amount of interest paid by him upon this note in 1931. The respondent disallowed one half of such interest paid and deducted by the petitioner, and so determined a deficiency of $1,010.94 in income taxes against the petitioner for that year. Petitioner here attacks the propriety of that disallowance.

The facts were stipulated by the parties substantially as follows:

1. The petitioner and his wife were joint and several makers of a promissory note secured by a mortgage on real property, title to which was held by his wife. This note contained the following promise:

" For value received, we jointly and severally promise to pay to the order of the Engineers National Bank of Cleveland Fifty-eight Thousand Dollars

($58,000), in installments * * * with interest at the rate of six percent (6%) per annum, payable on the 15th day of January, April, July and October of each year until paid."

2. In 1931 the petitioner paid interest in the amount of $3,161.01 upon the said note and deducted the amount of the said payment from his gross income in reporting his net taxable income for that year. In redetermining the deficiency proposed in the sixty-day deficiency notice upon which the petition herein is based, the respondent disallowed one-half of said amount, to wit, $1,580.50.

3. Separate returns were filed by the petitioner and his wife for 1931. Petitioner's wife paid no part of the said interest and did not deduct any part of the interest paid in her income tax return.

The applicable statutory provision is section 23 (b) of the Revenue Act of 1928, which, so far as here pertinent, provides:

In computing net income there shall be allowed as deductions:

* * * * * * *

(b) *Interest.*—All interest paid or accrued within the taxable year on indebtedness * * *.

It has been held that interest, to be so deductible, must be upon a legally enforceable indebtedness (*Sand Springs Railway Co.*, 21 B. T. A. 1291) of the taxpayer. *Morris Plan Co. of Binghamton*, 26 B. T. A. 772.

Respondent relies upon the case of *William Ainslie Colston*, 21 B. T. A. 396; affd., 59 Fed. (2d) 867; certiorari denied, 287 U. S. 640. However, the interest, the deductibility of which was there denied, was paid by petitioner (husband) upon mortgage obligations of his wife, on her property, and, as was there said:

This was properly disallowed because he was not paying interest on his obligations, but voluntarily discharging an obligation of another. *A. Backus, Jr., & Sons*, 6 B. T. A. 590; *Continental Trust Co.*, 7 B. T. A. 539, 552; *P. P. Griffin*, 7 B. T. A. 1094; *F. A. Smith*, 11 B. T. A. 301; *Hal E. Roach*, 20 B. T. A. 919.

Here, petitioner *paid* the disputed interest on a note which alone fixed the obligation for its payment. That obligation was several and joint. The payment was the individual obligation of petitioner, as well as that of his wife. It is not disputed that petitioner's proper basis for returning taxable income was that of cash receipts and disbursements. Such was the basis of petitioner's claim for the entire interest deduction as it was of respondent's questioned disallowance. It follows that the whole amount of interest so paid by petitioner was deductible by him. *F. C. Nicodemus, Jr.*, 26 B. T. A. 125. Cf. *William D. Hutchins*, 14 B. T. A. 421.

It appears that the issue submitted herein and decided in favor of the petitioner accounts for only $169.91 of the proposed deficiency of $1,010.94, the balance of that deficiency in the sum of $841.03 not being in dispute.

Reviewed by the Board.

*Judgment will be entered for a deficiency in the sum of $841.03 for the calendar year 1931.*